de la HOUSSAYE, Judge.
The appeal in this assault and battery damage suit is taken by the defendant, Booker T. Washington, who was held liable for the injuries sustained by ■ plaintiff, Felix White, Jr.
On December 16, 1972, plaintiff was in the process of entering the High Chappar-ral, a place of entertainment located on Gus Young Avenue in the City of Baton Rouge, Louisiana, when he came upon two dice games being played in front of the bar entrance. The first was a dice game played by eight-to-ten year olds in front of the front door leading to the High Chap-parral; the second was played a few feet away. Sharron James Baddie, a participant in the second game testified that ap-pellee and appellant had an argument, after which appellant pulled a .38 caliber pistol from the belt of Albert Haynes and fired at appellee. After having multiple gunshot wounds inflicted in his chest, White retrieved his .22 pistol from his back pocket and shot Washington in the mouth.
The court did not have the benefit of the testimony of Haynes as he was incarcerated in Angola.
White testified that he told the group of young boys who were playing in front of the High Chapparral to move away from the front door and join the dice game where appellant was playing. Washington protested this move and reached for the gun of Haynes and began firing from five to six feet away, until he ran out of ammunition. He then reached for his .22 caliber pistol and fired at Washington one time before they began fighting.
Washington’s version of this incident radically differs from appellee’s. He testified that he was in the process of seeking a four-four point when White called him a “dirty so and so” and told him “he should be dead”. White then pulled his pistol out of his back pocket and shot Washington, all without provocation. He then grabbed the gun out of the belt of Haynes and shot back. Thomas Washington, Jr., the brother of Booker T., backed up his brother’s story that plaintiff shot first.
Plaintiff is a fifty-five year old man who has never been in trouble before. Defendant has been convicted of fighting, gambling, and drunkenness several times. His brother Thomas, has been convicted of battery, gambling, and attempted murder.
Plaintiff was hospitalized from December 16, 1972 through December 30, 1972, where surgery was performed for treatment of his wounds.
The trial court found that Washington was the agressor of this incident, rejected his claim of self-defense, and awarded plaintiff the sum of $5,000.00 for his damages.
We find no error in the Court’s findings of fact in this case. Appellant maintains that the trial court committed reversible error in accepting plaintiff’s version of this incident. He maintains that it is impossible for a fifty-five year old man, having been struck at least three times at close range by a .38 caliber bullet in the chest and abdomen to remain on his feet, pull out his pistol, and shoot defendant. Apparently, the trial court did find that plaintiff was able to perform this feat and we are not able to declare that he committed manifest error. See: Canter v. Koehring Company, La., 283 So.2d 716 (1973); Reech v. Bodin, 286 So.2d 477 (La.App. 1st Cir. 1973).
The trial court disallowed plaintiff’s medical and hospital bills, finding that they had not been substantiated by the testimony of any physicians or hospital staff. In so holding we believe that he fell into error.
Plaintiff’s Exhibit No. 1 was the records of the plaintiff from Baton Rouge General Hospital, duly certified, showing that he was admitted on December 16, 1972, and discharged on December 30, 1972. This exhibit was offered at the beginning of the trial, without objection.
*863 Plaintiff’s Exhibit No. 2 reflects the charges made by Baton Rouge General Hospital. The exhibit shows that plaintiff was admitted on December 16, 1972 and discharged on December 30, 1972, and that the doctor’s name was Joseph P. Patin. The total of these hospital charges amounted to $3,618.32. This statement, while not properly certified to, corroborated the testimony of the plaintiff that he was treated -in Baton Rouge General Hospital by Dr. Patin, and that it was a copy of the bill sent to him for these hospital services. This exhibit was admitted into evidence over defendant’s objection.
Plaintiff’s Exhibit No. 3, the bill from the anesthetist in the amount of $145.00; Exhibit No. 4, the bill from'Dr. Patin, the surgeon, in the amount of $640.00; and Exhibit No. 5, the bill from Drs. Plauche and Strange, orthopedists, in the amount of $35.00, were each admitted into evidence, without objection. They further corroborated plaintiff’s testimony concerning treatment from these physicians.
Defendants offered absolutely no testimony to contradict plaintiff’s hospital and medical evidence. Therefore, taken as a whole, and considering the testimony of the plaintiff and the documentary evidence, we believe that plaintiff has sustained the burden of proof by the required preponderance.
We will therefore amend the judgment of the district court to allow the plaintiff to recover the aforesaid medical and hospital expenses and, as amended, we affirm.
Amended, and as amended, affirmed.
SARTAIN, J., dissents in part and assigns reasons.