526 So.2d 398 (1988)
Carolyn Ann Monley JACKSON
v.
Henry TYSON and XYZ Insurance Company.
No. CA 8456.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
*399 Joseph V. Di Rosa, Jr., New Orleans, for plaintiff.
Joseph W. Rausch, Lael B. Richter, Stassi, Rausch & Giordano, New Orleans, for defendants.
Before SCHOTT, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant appeals from a judgment in favor of the plaintiff in a personal injury case. We affirm.

I
Plaintiff-appellee Carolyn Ann Monley Jackson ("Jackson"), a tenant in a duplex owned by defendant-appellant Henry Tyson ("Tyson"), filed suit against Tyson seeking recovery under theories of negligence and strict liability for injuries sustained when she fell on the stairway leading from her second floor apartment to the ground level.[1]
Tyson concedes, and the record reflects, that John T. Cooper ("Cooper"), Tyson's attorney of record, was timely and properly served with a notice of the trial date.[2] Nevertheless, on the scheduled trial date neither Tyson nor Cooper appeared. After satisfying itself that Cooper had notice of the scheduled trial date, the district court proceeded with the trial.
Jackson was the only witness at trial and, in addition to her testimony, numerous documents were admitted into evidence. The district court rendered judgment for Jackson, and against Tyson, in the principal amount of $63,802.22, which was allocated as follows: $50,000.00 for general damages; $8,802.22 for past medical expenses; $1,000.00 for future medical expenses;
*400 $4,000.00 for lost income. No written reasons for judgment were assigned.
On appeal, Tyson contends that the judgment of the district court should be reversed because: 1) the district court should not have proceeded with the trial when neither he nor Cooper were present; 2) the district court relied on hearsay evidence in rendering judgment for Jackson; 3) the $50,000.00 general damages award is excessive and did not take into account aggravation caused by subsequent and unrelated accidents; 4) there is no evidence of negligence on Tyson's part nor any evidence that the stairs were unreasonably dangerous; and 5) the district court erred in failing to find either that Jackson was negligent or that she assumed the risk of her injuries.

II
1. Proceeding to trial when the defendant and his counsel were not present
Initially we note that we have been provided with no explanation, much less justification, for the failure of Cooper to appear for trial. Cooper was served with a notice of the trial date and it was his duty to appear and to notify his client, Tyson, to attend if necessary. Trial time in the district court is a limited resource. Further, re-scheduling the trial when Cooper and Tyson failed to appear may have imposed an additional burden and perhaps a lengthy delay on the plaintiff.
Tyson complains that he, as opposed to Cooper, had no notice of the trial date. The record does not contain a request by Tyson that he, as well as Cooper, be served with a notice of the trial date. Had he so requested, the Clerk of Court would have been required to send him a notice at least ten days in advance of the trial. See La. Code Civ.Proc. art. 1572.
Clearly, Cooper was timely and properly served with notice of the trial date. Further, Tyson does not deny that Cooper represented him and was his counsel of record at and prior to the trial date. Under these circumstances, service of notice of the trial date on Cooper satisfied Tyson's procedural due process right to notice of the trial. See generally Mitchell v. Dresser Industries, Inc., 472 So.2d 183, 185 (La.App. 4th Cir. 1985) (Trial court properly dismissed plaintiff's case where plaintiff's counsel of record, who had been timely notified of the trial date, failed to appear at trial); and Saucier v. McLean, 12 La.App. 158, 125 So. 163, 164 (Orl.1929) (defendant cannot obtain nullity of judgment where judgment was rendered in his attorney's absence where notice of trial was properly served on attorney). Compare Hicks v. Schouest, 381 So.2d 977, 978 (La.App. 4th Cir.1980) (defendant entitled to new trial although neither he nor his attorney of record appeared for trial where neither had actual notice of the trial).
2. Hearsay
Tyson contends that the district court relied upon inadmissible hearsay in rendering judgment for Jackson. He then argues that there was no evidence, other than the hearsay, sufficient to support that judgment. We disagree.[3]
First, some of the evidence Tyson complains of was not inadmissible hearsay. Jackson's testimony that she complained to Tyson about the stairs was admissible to show that Tyson had notice of the stairs' condition. See McCormick On Evidence § 249 at 733-34 (3rd. ed. 1984). (There was other evidence as to the stairs' condition.) Jackson's testimony that Tyson said he would repair the stairs was admissible because *401 it was testimony offered against an opposing party as to an out-of-court statement made by the opposing party. Compton v. Timolean Enterprise, Inc., 286 So. 2d 791 (La.App. 4th Cir.1973), Writ Denied, (La.1974); Terry v. Lagasse, 266 So.2d 231, 233, (La.App. 4th Cir.1972).
Jackson's testimony as to her wages at the time of the accident was not hearsay because it was based on personal knowledge. The fact that pay stubs also were introduced, and may have been inadmissible hearsay, is of no consequence because they were merely cumulative evidence. See Jones v. Ledet, 383 So.2d 1308, 1313 (La.App. 3rd Cir.1980).
Jackson's medical bills, to the extent that they were offered to prove the cost of treatment, were not hearsay. See Howery v. Linton, 452 So.2d 295, 296 (La.App. 2d Cir.1984) (collecting cases). Jackson testified that the medical bills were received by her and she identified the treatment received with regard to each bill. Jackson's testimony regarding her treatment, and not the bills, prove the fact of treatment.
Jackson, who is a nurse, testified as to her injuries and the surgery and other treatment she received. She also testified as to her recuperation (which was not complete at the time of the trial) and the restrictions on her personal and professional activities while recuperating. This testimony of Jackson, which was based on her personal knowledge and is not hearsay, is sufficient to support the judgment rendered with respect to general damages.
Jackson's testimony that her doctor advised her that a second operation will be necessary, as well as her doctor's written report, were hearsay but were not essential to the judgment with respect to Jackson's injury and treatment.
3. General Damages
Tyson argues that the $50,000.00 general damages award is excessive. Of course, we may not disturb the amount of a damage award unless the record clearly reflects that the trier of fact abused its discretion in determining the amount of the award. See Hernandez v. Schwegmann Giant Supermarkets, 464 So.2d 902, 905 (La.App. 4th Cir.1985). Jackson's testimony demonstrates that she was severely injured and we find that the general damages award was not an abuse of discretion under the circumstances.
After her fall, Jackson's left foot was "turned completely to the left". Jackson, who is a nurse, described in detail her injury, her treatment, and her recuperation (which was not complete at the time of the trial over a year after her fall).
Jackson suffered a compound fracture of her left ankle. She had surgery and a pin was inserted in her leg and a metal plate was inserted in her ankle. She was hospitalized for nine days and received physical therapy while hospitalized.
Jackson wore a heavy cast and then an ankle brace. She was on bed rest for two weeks, then used a walker for several months, and then used a cane for two months.
She had to take pain medication and medication for swelling. Many of her activities were curtailed. She was disabled to the point of not being able to work for six and one-half months. Weekly and twice-a-week doctor visits were required for some time.[4]
Tyson also contends that the award should be reduced because Jackson's injury was aggravated in subsequent accidents. He argues that the district court erred in failing to reduce the award by the percentage of aggravation.
*402 In support of his contention that Jackson's injuries were aggravated in subsequent accidents, Tyson relies upon the same doctor's report that he complains of as hearsay. In any case, that doctor's report reveals only that Jackson "re-injured" her left foot in some undescribed way when her stove caught fire and that, on another occasion, Jackson felt something "pop" in her left ankle as she was turning around. There is nothing in the report, however, to suggest that either of these alleged "re-injuries" extended Jackson's recuperative period, that further treatment was required as a result, or that further treatment would not have been necessary absent these re-injuries. Indeed, with respect to the "pop", there is no indication of further pain or restricted movement at all. With respect to the "re-injury" at the time of the stove fire, the record reflects only that, during a single office visit to her treating physician after this incident, Jackson was "limping a bit more". The duration of this "limping" is unknown, and there is no evidence that further treatment was sought as a result. In short, there is insufficient evidence from which we could conclude, with respect to the "popping" incident, that any actual aggravation occurred, or with respect to "re-injury" caused when Jackson's stove caught on fire, that any aggravation was such as to make a $50,000 award for general damages unreasonable.
4. Tyson's negligence/unreasonably dangerous stairs
Tyson contends that there is no evidence that Tyson was negligent, or that the stairs in question were unreasonably dangerous. We disagree.
Jackson testified that the stairs leading from her second floor apartment to the ground below "swayed from side to side" because they were not attached to the building. She further testified that she complained to Tyson on several occasions about the instability of the stairs and that Tyson agreed to have the stairs repaired. Jackson also testified that no repairs were made. No evidence was presented to the contrary, and Jackson's testimony, which obviously was believed by the district court, was sufficient to allow the district court to reasonably find negligence on Tyson's part. Accordingly, we need not address Jackson's claim of strict liability.
5. Jackson's negligence/assumption of the risk
Tyson contends that the district court erred in failing to find that Jackson assumed the risk of her injuries and/or in failing to find that Jackson was negligent. At the outset we note that the doctrine of "assumption of the risk" has been superceded by comparative fault. See Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La. 1988). There is nothing in the record before us demonstrating that Jackson was negligent. Jackson's use of the stairs was not negligent because it was the only way she could leave or enter her apartment. See Wilson v. Virgademo, 258 So.2d 572, 575 (La.App. 4th Cir.1972); Buxton v. Allstate Insurance Company, 434 So.2d 605, 609 (La.App. 3rd Cir.1983). Jackson testified that, when the injury occurred, she was "walking slowly holding on to the rail going very carefully". There is nothing in the record to suggest otherwise, and the district court obviously believed Jackson's testimony.
For the foregoing reasons, the judgment of the trial court is AFFIRMED.
NOTES
[1] The petition also named as defendant the ficticiously named "XYZ Insurance Company" as the insurer of Tyson. However, no actual insurer was ever substituted for "XYZ" as a defendant.
[2] Cooper is not representing Tyson in this appeal.
[3] We note that, Cooper and Tyson not being present at trial, there was no contemporaneous hearsay objection. Tyson argues that, because neither he nor Cooper were present for trial, we should analogize the situation to the confirmation of a default proceeding, omit the contemporaneous objection requirement, and reverse the judgment if it rests on hearsay evidence. See Carte Blanche Plumbing and Heating Service, Inc. v. Van Haeler, 337 So.2d 654, 655 (La.App. 4th Cir.1976) (confirmation of default based on hearsay improper). But see Bock v. Burnham, 419 So.2d 6 (La.App. 4th Cir.1982) (default judgment based (apparently) on hearsay affirmed on appeal). We need not decide this issue because there is sufficient non-hearsay evidence to support the judgment rendered.
[4] Tyson cites three decisions in which general damages awards of $50,000.00 or less were affirmed in cases with injuries assertedly worse than those in the present case. However, Tyson cites no decisions reversing general damage awards of $50,000.00 or less for injuries similar to or worse than those in the present case. Cf. Wallace v. State Farm Mutual Automobile Insurance Company, 509 So.2d 466 (La.App. 3rd Cir.), writ denied, 510 So.2d 377 (La.1987) ($50,000.00 general damage award upheld for double knee injury which resulted in 20% permanent impairment of left knee, where, apparently, no surgery was involved, and where plaintiff was unable to work for almost two months and where leg was placed in a cast for undisclosed period).