542 So.2d 850 (1989)
Laura GUILLORY, Plaintiff-Appellee,
v.
SHELTER MUTUAL INSURANCE COMPANY, et al., Defendants-Appellants.
No. 87-1414.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
*851 Carol J. Aymond, Jr., Bunkie, for plaintiff-appellee.
Gist, Methvin, Steven W. Cook, Joseph R. Ktuch, Alexandria, for defendants-appellants.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.
This action arises from a two-vehicle collision which took place on March 11, 1987, at the intersection of Waddil and Lee Streets in Marksville, Avoyelles Parish, Louisiana. Loretta P. Dauzat (Loretta) was driving a pickup truck in a westerly direction on Waddil Street, in which Laura Guillory (Guillory), plaintiff herein, was riding as a guest passenger. Sandra L. Dauzat (Sandra), defendant herein, was driving a 1978 Olds Delta 88 in a southerly direction on Lee Street at the time of the collision.
Laura Guillory was injured as a result of the accident and filed suit against Sandra and her insurer, Shelter Mutual Insurance Company (Shelter)[1]. Shelter and Sandra filed a third party demand against Loretta and her insurer, Champion Insurance Company.
The trial court found that Sandra was entirely at fault in causing the accident; declared judgment in favor of Laura Guillory in the amount of $10,789.24, together with expert fees and costs; and dismissed the third party demand of Sandra and Shelter against Champion. We affirm.
Defendants, Sandra and Shelter, appeal and assign the following as error:
(1) The trial court erred in finding that Loretta was not negligent in causing the accident.
(2) The trial court erred in allowing the introduction of Laura Guillory's medical bills and awarding damages for same over the objection of Sandra as to lack of proper foundation and hearsay.

FACTS
On a misty, wet day around noon, Loretta drove her pickup truck in a westerly direction on Waddil Street, approaching the intersection of Waddil and Lee. She had the right of way at the approaching intersection insofar as the Lee Street approach to Waddil was regulated by a stop sign. To her right she saw Sandra slowly entering the intersection. She slammed on her brakes and slid to her right, into Sandra's vehicle.
Sandra was familiar with the upcoming intersection as she approached the stop sign on Lee and Waddil Streets. The stop sign was set back approximately fifteen feet from the road. She stopped at the sign, saw no approaching traffic, and slowly proceeded into the intersection. She then saw Loretta's approaching pickup truck and applied her brakes. The truck had already begun to slide toward her vehicle, and the collision occurred when her vehicle was struck on the left front bumper by Loretta's pickup truck. Sandra was issued a citation for failure to yield and later found guilty of this offense.

NEGLIGENCE OF LORETTA DAUZAT
Loretta testified that Sandra was moving in her (Loretta's) lane of travel when she first saw her and applied the brakes of the pickup truck. Laura Guillory, *852 her passenger, corroborated Loretta's testimony.
Sandra testified that when she saw the pickup truck, she applied her brakes. She testified that she may have been "nosed out" into the intersection.
We find no error in the trial court's finding that Loretta was not negligent in causing the accident. She applied the brakes upon seeing a vehicle moving into the intersection where she had the right of way. This is a reasonable reaction to just such a situation. We affirm the trial court in finding Loretta free from fault in causing the accident.

INTRODUCTION OF MEDICAL BILLS
Sandra and Shelter contend that the trial court erred in allowing the introduction of Laura's medical bills into evidence and awarding damages for these bills. The bases for these contentions are that Laura failed to lay a proper foundation for the introduction of the documents and that the documents consisted of hearsay evidence.
We find appellants' contention that the medical bills were admitted prior to Laura's counsel laying a proper foundation without merit. Prior to entering her medical bills into evidence, Laura testified as to the events surrounding the collision. She continued by testifying as to her injuries and her actions in seeking treatment to resolve her injuries. Only after laying this foundation did Laura's counsel have her identify her medical bills by date, amount, and physician or hospital. After each bill was individually identified, Laura's counsel offered the medical bills into evidence. We find that a proper foundation was laid prior to offering these documents into evidence.
As to appellants' contention that the medical bills consist of hearsay evidence, we find this argument equally without merit.
Laura testified that the medical bills were received by her and she identified the treatment received with regard to each bill. The fact of her treatment is proven by her testimony and not by the medical bills. The medical bills were offered to prove the cost of treatment. Laura was aware of these facts from her own personal knowledge and Shelter and Sandra were afforded a full opportunity to cross-examine Laura as to the reasonableness or relevancy of these medical bills. The trial judge correctly found that the medical bills were related to the accident, and appellants have presented no evidence or testimony to the contrary.
As stated by the Second Circuit in Howery v. Linton, 452 So.2d 295, 296 (La.App. 2 Cir.1984), "The fact that she received the bills in the amount shown is not inadmissible hearsay, and to this extent, the bills were admissible, even though they might not have been admissible to independently prove that services were necessary or that the expenses incurred by her were reasonable." [citations omitted] See also, Jackson v. Tyson, 526 So.2d 398 (La.App. 4 Cir.1988).
The deposition of Dr. Robert Po, Laura's treating orthopaedic surgeon, was also entered into evidence, without objection. Dr. Po described each physician and/or hospital's treatment of Laura, including what tests were run and what medications were prescribed. The testimony of Dr. Po, together with the medical bills themselves, clearly connect Laura's expenses to the accident itself. See, Fowler v. Roberts, 526 So.2d 266 (La.App. 2 Cir.1988); Johnson v. Bellefonte Ins. Co., 449 So.2d 1134 (La. App. 3 Cir.1984), writs denied, 456 So.2d 164, 165 (La.1984).
Sandra and Shelter argue that Jones v. Ledet, 383 So.2d 1308 (La.App. 3 Cir.1980), is applicable. In Jones, the plaintiff testified as to the amount of the hospital bills without corroborating evidence. We held that these medical expenses were not proven by competent evidence and should not have been allowed. It should be noted that Jones involved a judgment by default wherein the defendant was not before the court and was not represented. Obviously, the defendant in Jones did not cross-examine the plaintiff's witnesses at trial.
More recently, in Hermann v. La. Health Serv. & Indem. Co., 492 So.2d 250 (La.App. 3 Cir.1986), we found that the *853 plaintiff's testimony, corroborated by the testimony of other witnesses, was sufficient evidence to meet the plaintiff's burden of proving that she had incurred medical expenses. We further held that the medical bills were not inadmissible hearsay and were properly allowed into evidence by the trial court.
As in Hermann, Laura's testimony regarding the amount of her medical bills was corroborated by the deposition of Dr. Po. As stated by the Fifth Circuit in Teague v. Barnes, 519 So.2d 817, 823 (La.App. 5 Cir.1988):
"Where the plaintiff's testimony that he incurred a medical bill is supported by the bill, absent sufficient contradictory evidence or reasonable suspicion that the bills are unrelated, it is sufficient to support the inclusion of that item in the judgment. The test is whether it is more probable than not that those items result from the accident made the basis of the suit. See Villetto v. Weilbaecher, 377 So.2d 132 (La.App. 4 Cir.1979); Rue v. State, Dept. of Highways, 376 So.2d 525 (La.App. 3 Cir.1979)."
Neither Shelter nor Sandra have made any effort in the trial court or in this Court to specifically attack the connexity or reasonableness of any charge billed to Laura and allowed by the trial court as special damages. Under these circumstances, we shall not disturb the trial court's special damage award.

CONCLUSION
Based upon the foregoing, the judgment of the trial court in favor of plaintiff, Laura Guillory, and against defendants, Shelter Mutual Insurance Company and Sandra Dauzat, in the amount of $10,789.24 is affirmed. Costs of this appeal are assessed to appellants, Sandra L. Dauzat and Shelter Mutual Insurance Company.
AFFIRMED.
NOTES
[1] Additionally, Guillory named Champion Insurance Company, the insurer of the vehicle in which she was riding, as a defendant. Guillory then compromised her claim against Champion and its insured, Loretta Dauzat. These parties are no longer parties to the original demand.