694 So.2d 1236 (1997)
Timothy James LEDET, Sr., PlaintiffAppellant,
v.
NATIONAL CAR RENTAL SYSTEM INC., et al., Defendants Appellees.
No. 96-1270.
Court of Appeal of Louisiana, Third Circuit.
June 4, 1997.
*1238 Scott Miller Brame, Alexandria, David Charles Laborde, Lafayette, for Timothy James Ledet Sr.
Kathleen Kay, Lake Charles, for National Car Rental System, Inc. et al.
Before YELVERTON, THIBODEAUX and SAUNDERS, JJ.
YELVERTON, Judge.
Timothy Ledet filed suit for damages he sustained in an automobile accident on January 17, 1993. The accident occurred at the intersection of MacArthur Drive and South Circle in Alexandria, Louisiana. After yielding to the traffic at the Circle, Ledet started to move when he decided it was not safe to proceed and stopped again. Ledet was then struck from behind by a vehicle driven by Peter Gilmore. Gilmore had rented the car he was driving from National Car Rental System, Inc. Ledet was injured when his head struck the post of his truck. Ledet filed suit against National Car Rental and Gilmore.
After a trial on December 12, 1996, the trial court rendered judgment in favor of Ledet and against National Car Rental and Gilmore in solido. It found Ledet was entitled to $10,000 in general damages, $5,310.19 in special damages, and $434.70 in property damages. Ledet appeals this judgment claiming that the general damages award is insufficient and that the trial court erred in not awarding penalties and attorney's fees.
National Car Rental and Gilmore answered the appeal. They sought a reversal of the findings that National Car Rental provided insurance coverage and that National Car Rental was liable in solido with Gilmore. They also allege that the trial court erred in awarding special damages for items not allowed in evidence.

INSURANCE COVERAGE
National Car Rental contends that there was no proof that it provided insurance for the accident. It argues that there was no proof of coverage at the trial, because there was no policy of insurance introduced in evidence, and that the trial court erred in finding that coverage had been previously decided in a summary judgment.
A summary judgment may be rendered on the issue of insurance coverage alone. La. Code Civ.P. art. 966(F). According to the reasons given by the court for summary judgment, the issue was whether National Car Rental could be sued as an insurer under the Louisiana Direct Action Statute. The trial court found that it could. In reaching this decision, the trial court explained that National Car Rental had a contract to provide liability coverage to its customers and, based on that contract, it was acting as an insurance company and should be treated as one.
Additionally, after trial on the merits, the trial court found that "coverage was admitted in the pleadings (though with restrictions) and was acknowledged by defendant's agent in his deposition...." As to this finding National Car Rental claims that it was error for the trial court to consider pleadings which were not admitted into evidence. This was not error. Pleadings consist of petitions, exceptions, written motions, and answers. La.Code Civ.P. art. 852. Although documents attached to pleadings are not evidence, the pleadings themselves form part of the record. First Homestead Fed. Sav. & Loan v. Coleman, 446 So.2d 551 (La.App. 3 Cir. *1239 1984); Guedry v. Fromenthal, 633 So.2d 287 (La.App. 1 Cir.1993). In his petition, Ledet alleged:
Petitioner further alleges on information and belief that under the terms of said self insured policy, defendant, NATIONAL CAR RENTAL, obligated itself to pay any and all damages caused to others as a result of the negligent acts of defendant GILMORE, herein described, and the vehicle driven by defendant GILMORE described above were [sic] covered by said policy at the time of said collision.
In response National Car Rental's answer provided:
Any provision with respect to liability insurance is found in the rental agreement between the parties which agreement is a written contract, the provisions of which are best evidenced by the document itself and which agreement is affirmatively pled herein by reference as if copied herein in extenso.

La.Code Civ.P. art. 1004 provides that all allegations of the petition are admitted if not denied in the answer. National Car Rental did not deny that the vehicle driven by Gilmore, which it had also admitted it owned, was covered by a self-insured policy.
Additionally, Chad Bennett, an employee and the representative of National Car Rental, testified under oath by way of deposition that he determined that National Car Rental provided primary liability coverage for the accident. We find that the trial court had sufficient evidence before it, without having the insurance policy itself, to determine that there was a policy of insurance that provided primary coverage for this accident. See Travis v. Commercial Union Ins. Co., 569 So.2d 115 (La.App. 1 Cir.1990); Zurich-American Ins. Group v. Ellison, 640 So.2d 262 (La.App. 4 Cir.1993).
National Car Rental claims that by failing to require Ledet to produce the contract of insurance, the trial court denied it protections to which it was entitled. It claims that it was entitled to prove a limitation for coverage in accordance with the minimum requirements allowed by law and that it should not be held liable in solido for the entire judgment with Gilmore. There is no merit to this claim.
An insurer has the burden of proving facts which limit coverage. Ralston v. Connecticut General Life Ins., 617 So.2d 1379 (La. App. 3 Cir.), writ granted and reversed on other grounds, 625 So.2d 156 (La.1993). It was National Car Rental's responsibility to introduce the policy if it wanted to prove limitations set forth by the policy.

DAMAGES
Both sides appeal the award of damages. Ledet claims that the award of $10,000 for general damages is too low. National Car Rental and Gilmore claim that the trial court erred in awarding special damages for items not allowed into evidence. We will discuss each of these awards separately.

General Damages
Ledet had migraine headaches before the accident. He had migraines afterward. There was some evidence that the accident caused an increase in intensity and frequency. Neither the degree of increase nor the longevity of the increase was established specifically. Ledet was successively treated after the accident by several doctors, including a chiropractor, an orthopedist, and a neurologist. Only the neurologist testified. He had treated Ledet before the accident. He identified a whiplash and consequent neck problems and stated that the accident aggravated the migraines. We cannot say that the trial judge abused his discretion in awarding $10,000 in general damages. Andrus v. State Farm Mut. Auto. Ins. Co., 95-801 (La.3/22/96), 670 So.2d 1206.

Special Damages
The trial court awarded $5,310.19 in special damages. National Car Rental and Gilmore argue that this should be no more than $885 because the trial court allowed only the itemized statement of Dr. Hajmurad (the neurologist) in the amount of $885 into evidence. National Car Rental and Gilmore claim that Ledet did not establish his entitlement to any other medical expenses. However, an examination of the colloquy between the trial court and the attorneys reveals *1240 that the other medical expenses were admitted by proffer subject to the objection of lack of foundation and the understanding that some expenses might have been for pre-accident treatment. The court reserved admitting the medical expenses into evidence subject to reading the neurologist's deposition to see if there was a sufficient foundation for admission of the bills as they related to the accident. In its reasons for judgment the trial court found that the medical bills were related to the accident.
This circuit has held that medical bills are not hearsay and allowed a plaintiff to prove his treatment by his testimony and his offer of the medical bills to prove the cost of the treatment after laying the proper foundation. Andres v. Liberty Mut. Ins. Co., 568 So.2d 651 (La.App. 3 Cir.1990) [citing Guillory v. Shelter Mut. Ins. Co., 542 So.2d 850 (La.App. 3 Cir.1989)]. This circuit in Guillory found the plaintiff laid the proper foundation by testifying about her injuries and her actions in seeking treatment to resolve her injuries. The court recognized that the plaintiff was subject to cross-examination as to the reasonableness or relevancy of the medical bills.
The main issue objected to by the defendants is that there has been no testimony relating the treatment to the accident. The defendants claim that there is no way to know if the treatment was for Ledet's prior injuries or for his injuries caused by this accident.
Ledet submitted medical bills by proffer from Dr. Sidney Rud of the Independence Chiropractic Clinic totaling $235. These bills covered treatment from January 18, 1993 to February 10, 1993. In his testimony Ledet explained that Dr. Rud was the first doctor he saw for treatment. This was the day following the accident. Ledet admitted he had been treated by Dr. Rud before the accident for back pain and headaches. We find that Ledet laid a proper foundation that these bills were related to the present accident.
Ledet also saw an orthopedist, Dr. Douglas Gamburg. Reviewing Dr. Gamburg's bill, we find that Ledet had an initial visit with Dr. Gamburg on April 28, 1993, for cervical sprain. There was a follow-up visit in June, and MRI's of the brain and cervical spine were performed. The office visits cost $194. Dr. Hajmurad reviewed these MRI's in making his diagnosis. The cost of the MRI's was $1,996. Since Dr. Hajmurad found Ledet to be suffering from whiplash, we find that the treatment by Dr. Gamburg was also related to the accident.
Ledet also testified that he saw Dr. Stuart Phillips on one occasion on August 18, 1994. Dr. Phillips' bill indicates that it was for an auto accident and totaled $212. Dr. Phillips also had an MRI run on December 2, 1994, the cost of which was $998. We find that the treatment by Dr. Phillips was related to the accident.
Additionally, Ledet testified that Dr. Gamburg prescribed physical therapy for him at Cenla Physical Therapy. The bill from Cenla indicates that Ledet attended physical therapy in May during the time he was being treated by Dr. Gamburg. We also find that Cenla's bill for $362.25 was related to the auto accident.
Although the testimony of the doctors is preferred, we find that Ledet's own testimony and Dr. Hajmurad's deposition laid a proper foundation for these bills. The trial court did not err in awarding $5,310.19 as special damages for past medical expenses.

PENALTIES AND ATTORNEY'S FEES
Ledet alleges as error the failure of the trial court to award penalties and attorney's fees for National Car Rental's failure to pay or unconditionally tender compensation for damages and bodily injury. Ledet claims that National Car Rental violated its duty under both La.R.S. 22:658 and La.R.S. 22:1220.
The trial court found that National Car Rental did not act arbitrarily and capriciously in offering a lesser amount on the property damage claim pursuant to La.R.S. 22:658. The trial court never addressed the issue of whether National Car Rental violated some duty to make settlement efforts under La. R.S. 22:1220.
The 1989 enactment of Subsection La.R.S. 22:658(A)(2) was the first legislative attempt *1241 to impose a duty on an insurer to make payment to a third-party claimant within a specified period. La.R.S. 22:658(B)(1) imposes a penalty for breach of that duty. However, the duty under this new statute is limited to payment of claims for property damage and medical expenses and becomes operative only upon a written agreement of settlement.
Both parties agree that there was conflict over $27 of the property damage claim. Chad Bennett, the National Car Rental representative assigned to the case, testified that the lowest appraisal was $434.70. Bennett offered $407.70 as a full and final settlement of the property damage claim due to what he believed was an excessive labor charge on the estimate. Ledet refused this offer. In the present case we have no written agreement of settlement for the property damage claim of Ledet. Both parties contested the amount. Since there was no written agreement of settlement, National Car Rental had no duty to make payment. The denial of penalties and attorney's fees pursuant to La.R.S. 22:658 was correct.
Ledet argues that, as a third-party claimant, he has a right and cause of action against the insurer, National Car Rental, to recover penalties for its failure to adjust his claim fairly and promptly and to make a reasonable effort to settle with him. Ledet believes that such a duty owed by an insurer to third-party claimants is imposed by virtue of La.R.S. 22:1220. This statute, enacted in 1990, reads:
§ 1220. Good faith duty; claims settlement practices; cause of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
The Louisiana Supreme Court in Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, on rehearing, concluded that Subsection A of the above quoted statute does not create a broad duty to third-party claimants to make a reasonable effort to settle all claims. The conduct for which damages and penalties can be sought by insureds and third-party claimants is limited by Subsection B's exclusive list. Ledet has not alleged, and the facts of this case do not show, any conduct specified in that exclusive list. Therefore, we find that he has no right or cause of action for penalties under La.R.S. 22:1220.

NEW ISSUE ON APPEAL
Ledet claims he is also entitled to attorney's fees and sanctions against National Car *1242 Rental for failure to disclose that there was another insurer who provided coverage for this accident. This issue was not before the trial court and has been raised for the first time on appeal. Ledet claims that the discovery of additional insurance is newly discovered evidence that was not brought to his attention until after the trial. He also contends that the supposedly sanctionable conduct of National Car Rental in failing to disclose the fact of additional insurance is likewise newly discovered evidence.
We first note that Ledet asserts facts in his brief which are not part of the record. This court can only render a judgment upon the record on appeal. La.Code Civ.P. art. 2164. Appellate briefs of parties are not part of the record on appeal, and the appellate court cannot consider facts referred to in appellate briefs. Willis v. Letulle, 597 So.2d 456 (La.App. 1 Cir.1992).
We are authorized to remand a case to the trial court for introduction of additional evidence to prevent a miscarriage of justice. Huval Baking v. Workers' Comp. Bd., 594 So.2d 1028 (La.App. 3 Cir.1992). Such power is discretionary and depends upon the circumstances of each case. Id. We do not believe that the circumstances in this case justify a remand.
Ledet recites in brief that interrogatories and requests for production of documents were propounded, and responses made, regarding additional coverage. These pleadings are not part of the record on appeal. Ledet argues in brief that the facts surrounding the existence of additional insurance and coverage were not known to him until after a trial on the merits and issuance of reasons for judgment. According to the recited time line, plaintiff could have moved for a new trial based on newly discovered evidence. La.Code Civ.P. art. 1971, et seq. Plaintiff did not do so. Moreover, inasmuch as we have already considered an assignment of error that the award of damages was abusively low, and have found that the judgment is not excessive, a finding that there was in fact additional insurance will not benefit the plaintiff. Under the circumstances of this case we find that remand to the trial court would serve no purpose.
The judgment of the trial court is affirmed. Appellant will pay the costs of this appeal.
AFFIRMED.