961 So.2d 13 (2007)
Michael Wayne WEBSTER, Daffaney Webster & Lawanda Webster
v.
Sallie J. BALLARD & Farmers Insurance Company.
No. 2005 CA 2247.
Court of Appeal of Louisiana, First Circuit.
March 2, 2007.
*14 Doug G. Sweson, Baton Rouge, for Plaintiff/Appellee, Michael Wayne Webster, *15 Daffaney Webster, & Lawanda Webster.
James Eric Johnson, Baton Rouge for Defendant/Appellant, Sallie J. Ballard & Farmers Ins. Company.
Before: BAGNERIS, KIRBY, and BELSOME.
BELSOME, J.
Defendants-Appellants, Sallie Ballard and Farmers Insurance Company, appeal the trial court's award to Plaintiffs-Appellees for a property damage deductible and special damages. We affirm the judgment as amended.
FACTS AND PROCEDURAL HISTORY
On July 24, 2004, an automobile accident occurred involving Michael Wayne Webster, Daffaney Webster, and Lawanda Webster (collectively "Appellees") and Sallie Ballard. On June 6, 2005, the case went to a bench trial and judgment was rendered for Appellees. The trial court subsequently awarded general and special damages to Appellees. The special damages were awarded for medical expenses incurred and for reimbursement of Appellees' property damage deductible. No evidence was submitted, however, to demonstrate that the Appellees were entitled to reimbursement of their property damage deductible. Moreover, Appellees did not state a claim for the property damage deductible in their petition for damages.[1]
A judgment was signed on August 8, 2005. This appeal followed regarding the award of special damages in the amount of $3,525.00 for medical expenses to Michael Wayne Webster; the award of special damages awarded to Daffaney Webster in the amount of $3,010.00; and $500.00 awarded to Daffaney Webster and Michael Wayne Webster as reimbursement for their State Farm property damage deductible.
STANDARD OF REVIEW
A trial court is allowed vast discretion with regard to damage awards. Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993). A trial court's award of special damages is subject to the manifest error standard on appeal. See, e.g., Harvey v. Cole, XXXX-XXXX, pp. 15-16 (La.App. 4 Cir. 1/23/02), 808 So.2d 771, 783, and a general damages award is reviewed under the abuse of discretion standard. See, e.g., Rico v. Sewerage and Water Bd. of New Orleans, 2004-2006 (La.App. 4 Cir. 3/8/06), 929 So.2d 143, 146. Likewise, a trial court's findings of fact will not be disturbed on appeal unless manifestly erroneous. Id. Finally, appellate courts examine evidence in the light most favorable to the prevailing party when deciding whether the trial court was clearly wrong with regard to its findings. Theriot, 625 So.2d at 1340.
DISCUSSION
The first two assignments of error assert that the trial court erred by admitting non-certified medical expense recapitulations issued to Michael Wayne and Daffaney Webster as a result of the accident. The non-certified medical expense recapitulations were identified by Michael Wayne Webster and Daffaney Webster as such when they were admitted into evidence at trial, but were not identified by an expert, nor did any doctor testify as to the expenses or treatment, either *16 at trial or by deposition.[2] Appellees therefore assert that the medical bills are unreliable because they show overlapping dates and nearly identical treatment for both Michael Wayne Webster and Daffaney Webster although their alleged injuries were not similar.
Pursuant to LSA-R.S. 13:3714, medical records that are either certified or signed by the administrator or the medical records librarian of the hospital and are submitted to a court:
. . . shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart or record as witnesses under cross-examination.
LSA-R.S. 13:3714(A).
In this case, the trial court allowed the non-certified medical bills into evidence after permitting Mr. Webster to verify the records at trial over the Appellants' objections. We find that this case is somewhat similar to the facts of White v. Washington, 303 So.2d 861, 863 (La.App. 1 Cir. 1974), where this Court determined that a copy of a hospital bill, although not certified by the hospital, should be allowed into evidence over the Defendant's objection and permitted the Plaintiff to recover medical expenses pursuant to that evidence. Additionally, other circuits have similarly found that plaintiffs may testify regarding their own medical bills and treatment.[3]
Likewise, in this case, Appellants did not offer contradictory evidence to Michael Wayne or Daffaney Webster's testimony verifying the amounts and treatment that they received at the Family Chiropractic Clinic, but rather objected only to the fact that the bills were not certified. The trial court overruled the objections, allowed the expense recapitulations into evidence, and awarded the full amount of the chiropractic expenses documented on the summaries *17 submitted and verified in court by Michael Wayne Webster and Daffaney Webster.
In this case, the admission of the medical expense recapitulations on behalf of Daffaney and Michael Webster is ultimately a matter of the trial court's discretion. Under these facts, we cannot say that the trial court was manifestly erroneous in awarding damages based on the medical bills submitted. In this case, the medical bills were submitted to prove the cost of medical treatment, the Appellees testified as to the treatment based on their own personal knowledge, and Appellants were allowed the opportunity to cross-examine Plaintiffs regarding the reasonableness of the medical bills. See Guillory v. Shelter Mut. Ins. Co., 542 So.2d 850, 852 (La.App. 3 Cir.1989). Additionally, before the medical bills were admitted into evidence, both Daffaney and Michael Webster testified as to the events surrounding the automobile accident, their resulting injuries and subsequent treatment for their injuries; thus, in this case, we find that Appellees established a proper foundation for admitting the medical bills into evidence. See Guillory, 542 So.2d at 852. As was the scenario in Guillory, Appellants in this case have not attempted to "specifically attack the connexity or reasonableness of any charge billed" to the Plaintiffs "and allowed by the trial court as special damages." Id. at 853. Finally, because we are not in a position to substitute our judgment for that of the trial court, Hoot v. Woman's Hosp. Foundation, 96-1136 (La.App. 1 Cir. 3/27/97) 691 So.2d 786, 790, we find that even if the trial court erroneously admitted the non-certified medical bills into evidence, such error, if any, was harmless.
We note, however, that the trial court made a calculation error; the medical bills that were admitted into evidence reflect a slightly different amount than that awarded by the trial court. Because we find that the trial court intended to award special damages based on the medical expense recapitulations from the Family Chiropractic Clinic, we amend the judgment to reflect the amounts on the bills that were admitted into evidence.[4]
In the third assignment of error, Appellants argue that the trial court erroneously awarded $500.00 in property damages when a claim for property damages was not asserted in the petition for damages. Appellants maintain that the property damage claim was arbitrated between Farmers Insurance and State Farm with a decision unfavorable to the Appellees' insurer.[5] Moreover, it appears that the actual amount of the property damage deductible, according to records submitted to arbitration by State Farm, was $250.00, not $500.00. Pursuant to LSA-C.C.P. art. 1154, a specific request for reimbursement of the deductible need not have been made in the Plaintiff's petition. Article 1154 provides, in relevant part:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, *18 even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.
LSA-C.C.P. art. 1154 (emphasis added).
In this case, Appellants did not timely object to the Plaintiff's request for reimbursement of the property damage deductible. However, while Louisiana jurisprudence may permit expansion of pleadings, it cannot be construed to allow an erroneous award for a property damage deductible. In this case, the record demonstrates that the actual amount of the Plaintiffs' deductible is $250.00, not $500.00. Accordingly, we amend the trial court's judgment to reflect the correct amount of $250.00.
CONCLUSION
The trial court's judgment is hereby amended as follows: the special damages awarded to Michael Webster are $3,865.00; the special damages awarded to Daffaney Webster are $3,635.00; and the damages awarded to the Appellees for the property damages are amended to reflect the amount of the deductible, $250.00.
JUDGMENT AFFIRMED AS AMENDED.
NOTES
[1] The court awarded Michael Wayne Webster general damages in the amount of $5,000.00 and special damages in the amount of $3,525.00; Daffaney Webster general damages in the amount of $5,000.00 and special damages in the amount of $3,010.00; Lawanda Webster general damages in the amount of $7,500.00 and special damages in the amount of $3,765.00.
[2] The medical records and expense recapitulations for plaintiff Lawanda Webster from the same clinic were certified and were accordingly admitted into evidence without any objection. Additionally, medical records from other sources for Michael and Daffaney Webster were certified and also admitted without objection.
[3] See, e.g., Daspit v. Barber, 786 So.2d 962, 969 (La.App. 4 Cir.2001)(holding that "[w]here the medical bills are clearly connected to the accident at issue and where there is no substantial conflicting evidence to the contrary, testimony from Mr. Despit regarding receipt of the bills and treatment . . . is sufficient to allow the introduction of the medical bills in order to prove the cost of the treatment"), Jackson v. Tyson, 526 So.2d 398, 401 (La.App. 4 Cir.1988)(holding that where the plaintiff identified her medical bills at trial as proof of the cost of her treatment, such evidence was not hearsay, and that "[plaintiff's] testimony regarding her treatment, and not the bills, prove the fact of treatment"), Fowler v. Roberts, 526 So.2d 266, 279 (La.App. 2 Cir.1988), writ granted, 531 So.2d 257, writ denied, 531 So.2d 278, aff'd, 556 So.2d 1 (holding that medical bills for plaintiff's treatment were not inadmissible hearsay, but were evidence of medical expenses incurred for treatment); Howery v. Linton, 452 So.2d 295, 296 (La.App. 2 Cir.1984)(holding that pursuant to a trial court's "great discretion in assessing personal injury damages," a hospital and ambulance bill that were not inadmissible hearsay and were properly admitted to establish special damages).

We note that in the Daspit case, supra, the court ultimately held that the medical bills were properly excluded from evidence by the trial court because the plaintiff "failed to establish a causal connection between the accident in question and the injury he alleged" and that accordingly, "the trial court had no basis for concluding that the bills were related to the accident." Daspit, 786 So.2d at 969. In this case, however, Appellants do not assert that the bills from Family Chiropractic Clinic were unrelated to the automobile accident.
[4] The amount of the bill that was admitted into evidence for Michael Webster was $3,865.00; the amount of the bill that was admitted into evidence for Daffaney Webster was 3,635.00.
[5] The arbitration decision states that State Farm failed to sustain the burden of proof; that there were conflicting statements as to how the accident occurred; and that there were no independent witnesses to the accident.