737 So.2d 844 (1999)
Keith MENARD and Charlotte Menard, Plaintiffs-Appellees,
v.
Daniel LAFLEUR, d/b/a Lafleur Builders, Defendant-Appellee,
Midland Risk Insurance Company, Defendant-Appellant.
No. 98-1558.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
*845 J. Wendel Fusilier, Ville Platte, for Plaintiff/Appellee Keith Menard, et al.
Anthony Craig Dupre, Ville Platte, and Michael J. Remondet, Jr., Lafayette, for Defendant/Appellee Daniel Lafleur.
Pierre Marie Legrand, Metairie, for Defendant/Appellant Midland Ins. Co.
BEFORE: DOUCET, C.J., THIBODEAUX, and WOODARD, Judges.
WOODARD, Judge.
This is an insurance coverage dispute. Midland Risk Insurance Company (Midland) issued a policy of insurance to Daniel Lafleur (Lafleur). Keith and Charlotte Menard (the Menards) sued Lafleur and Midland in state court for Lafleur's substandard renovation work on their home. Midland provided Lafleur a defense in state court but filed an action for declaratory judgment in federal district court that there was no coverage under the policy. Lafleur incurred attorney's fees in defending himself in the declaratory judgment action. It was ultimately dismissed on jurisdictional grounds, and Lafleur filed a cross-claim for attorney's fees against Midland in the state court proceedings. After the demands of the Menards settled, the remaining issue of Lafleur's cross-claim against Midland was tried. The trial court awarded him $1,150.00, pursuant to La. R.S. 22:1220. Midland appeals the award. We reverse.

FACTS
This case arises out of a contract dispute for renovation and remodeling of the Menards' home in Ville Platte, Louisiana during the summer of 1986. The Menards contracted Lafleur to perform the work on their residence. On August 12, 1997, they sued him for breach of contract on the grounds of substandard work. They did not name Midland in the suit. Believing that there was no coverage under the insurance contract, as faulty workmanship, improper materials, and the other associated claims were not an "occurrence" or "accident" under the policy, Midland, nevertheless, provided counsel to Lafleur for the Menards' principal claim against him, throughout the proceedings in state court.
On November 20, 1997, Midland filed a declaratory judgment action in the United States District Court for the Western District of Louisiana, questioning the issue of the coverage of this insurance policy. This action was dismissed when the plaintiffs clarified their petition by answering requests *846 for admission, on December 8, 1997, that established their claims were less than the federal jurisdictional minimum.
On or about January 7, 1998, the Menards amended their petition to add Midland. The state court action proceeded. Lafleur filed a cross-claim against Midland, which was served on August 17, 1998, sixteen days before trial. In it, he alleged that Midland violated La.R.S. 22:1220 by failing to provide counsel to represent him in the declaratory judgment action in federal court. Prior to trial, the Menards' principal demand settled. Midland filed an Exception of No Cause of Action and a Motion for Summary Judgment to dismiss the Lafleur cross-claim. The trial court overruled the exception and refused to hear the Motion for Summary Judgment because the motion lacked the required ten day notice. The trial proceeded solely on cross-claim, and on September 2, 1998, the trial court rendered judgment in favor of Lafleur, pursuant to La.R.S. 22:1220, for attorney's fees in the amount of $1,150.00. Midland suspensively appeals.

LAW
Midland alleges that the trial court erred in assessing attorney's fees and penalties against them where they accepted the defense of Mr. Lafleur on the plaintiffs claims but declined to provide him an attorney to defend him solely regarding the claim for coverage.
The trial court awarded attorney's fees and penalties, pursuant to La. R.S. 22:1220(A), for Midland's alleged breach of a general duty of good faith and fair dealing, arising out of Lafleur's need to defend the declaratory judgment action in federal court, relating to the coverage of Midland's insurance contract. Penalties and attorney's fees are only available for violations of La.R.S. 22:1220(B)(1-5) under that statute. Ledet v. National Car Rental Sys., Inc. 96-1270 (La.App. 3 Cir. 6/4/97); 694 So.2d 1236; Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97); 694 So.2d 184. Lafleur neither alleged, nor proved, a violation under La.R.S. 22:1220(B)(1-5). Further, the Midland insurance contract did not obligate it to assume a defense or to pay attorney's fees in connection with litigation of the coverage issue. Thus, it did not violate any assumed obligations under the insurance contract to provide attorney's fees to Lafleur. Finally, the supreme court in Steptore v. Masco Constr., 93-2064, p. 9 (La.8/18/94); 643 So.2d 1213, 1218, stated "[g]enerally, if the insured hires an attorney to represent him in coverage disputes, he will have to bear those costs himself." See also, Benoit v. Maryland Cas. Co., 96-912 (La.App. 3 Cir. 2/5/97); 689 So.2d 610. Following the decisions of Ledet, Theriot, Steptore, and Benoit, we are required to reverse the trial court's award of attorney's fees to Lafleur.

CONCLUSION
The trial court erred in awarding attorney's fees, in the amount of $1,150.00 to Lafleur, arising out of his defense of coverage litigation relating to his insurance policy with Midland. The trial court's judgment is reversed. Lafleur is cast with the costs of this appeal.
REVERSED.