WOODARD, Judge.
W.T.A. (Mr. A) appeals a summary judgment in State Farm’s favor, finding that no reasonable interpretation of the insurance policy at issue could afford coverage to S.J.S.H.A.D. (Ms. D) for any of the allegations in Mr. A’s petition for damages against her. We affirm.
* # # * *
A.J.A. is the son of Mr. A. and Ms. D, who were divorced in 1994. Ms. D remarried R.D. in 1995. A.J.A. lived with them.
During the domestic proceeding that underlies Mr. A’s cause of action, the court appointed an expert therapist to evaluate all parties. Ms. D retained a different therapist, Ms. Marcie Yeager, allegedly to offset any negative findings by the independent, court-appointed expert. Mr. A filed a petition, individually, and on behalf of his son, A.J. A., for the alleged tortious conduct of his ex-wife, Ms. D, and Ms. Yeager. Specifically, he asserted that Ms. D has caused A.J.A. harm by dressing him in female clothing and cosmetics for years, willfully and intentionally interfered with the normal father/son relationship between Mr. A and A.J. A., and, both, Ms. D and Ms. Yeager engaged in a pattern of making A.J.A. believe that his father abused him.
Initially, Ms. D answered in proper person. Subsequently, counsel for State Farm enrolled as her counsel because R.D. had a homeowners insurance policy with it. The insurance policy at issue was for July 1996 to July 1997 but still listed R.D. and his ex-wife, Patricia, as the insureds. Less than a month later, through different counsel, State Farm gave notice of its intent to attempt to defeat coverage by filing a petition of intervention and declaratory judgment. It filed a motion for summary judgment relative to the petition for declaratory judgment. State Farm’s counsel for Ms. D did not appear at the hearing on this motion, as he was retained to represent her “on the merits” of the claim against her. She agreed to continue without counsel.
The trial court granted summary judgment in State Farm’s favor, finding that *1219 the policy provided no coverage to Ms. D or A.J.A. for the injuries alleged. It relieved State Farm from defending Ms. D in this matter. Mr. A appeals the judgment, asserting numerous assignments of error.
| 2Assignments OF ERROR
Mr. A asserts that the trial court erred by granting summary judgment because: 1) State Farm did not produce a non-waiver or reservations of rights letter to Ms. D and therefore waived its coverage defenses, and the trial court’s denial of Mr. A’s subpoena of these documents based on an attorney-client privilege between State Farm and Ms. D demonstrates a conflict of interest; 2) the trial court’s statement that State Farm was paying an attorney to defeat the claim against Ms. D, yet did not assert the claim of coverage on her behalf, evidences a conflict of interest that should result in State Farm’s waiver of its coverage defenses; 3) the trial court’s judgment went beyond the pleadings when it relieved State Farm of its obligation to defend Ms. D because the summary judgment motion was based on only one policy for one specific policy term and because the court should have found a continuous tort; 4) State Farm’s failure to have counsel to represent Ms. D at the summary judgment hearing while providing counsel for itself to defeat coverage demonstrated a conflict of interest; and 5) State Farm did not meet its burden of proof under La.Code Civ.P. art. 966.
Standard of Review for Summary Judgment
We review summary judgments de novo under the same criteria which govern the trial court’s consideration of whether summary judgment is appropriate.[1] Therefore, a motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.[2]
|3Non-waiver Agreement/Reservations of Rights Letter
A non-waiver agreement or reservation of rights letter is a document, indicating that the insurer retains its rights to defend itself based on the alleged insured’s lack of coverage under its policy. Even though, initially, the insurer may provide the potential insured with a defense against the claim, this is not. an admission that the policy covers that person.[3] However, when an insurer undertakes to defend the potential insured, without reserving its rights to assert coverage defenses, it does so at the risk of waiving those defenses.[4] Mr. A argues that the trial court’s grant of summary judgment was improper because State Farm presented no evidence that it had reserved its rights to assert that Ms. D was not covered under its policy. Accordingly, it waived all coverage defenses.
However, State Farm did not produce the reservation of rights letter because neither Ms. D nor Mr. A controverted its receipt at the summary judgment hearing. Therefore, the issue was not even before the trial court. Nonetheless, Mr. A argues that he should be able to assert this argument on appeal because State Farm’s con *1220 flict of interest was indirectly responsible for this argument not being asserted at the summary judgment hearing. Specifically, he argues that it was a conflict of interest for State Farm to have counsel present on its own behalf, attempting to defeat coverage, at the summary judgment hearing, while the counsel, which State Farm enlisted on Ms. D’s behalf, was not present.
It is questionable whether Mr. A has standing to argue these issues,[5] notwithstanding, we will address them.
We acknowledge that one of the main purposes of stringently applying waiver principles is to ensure that no conflicts of interest between the insurer and insured affect legal representation.[6] Mr. A seems to be arguing that the alleged conflict of interest did, in fact, affect Ms. D’s legal representation, mandating that this court make presumptions adverse to State Farm. Namely, he is asking us to presume that | ¿if Ms. D’s counsel had been present, he would have raised the issue of whether State Farm had reserved its rights. Even though Ms. D clearly chose to proceed at the hearing without any counsel, she changed her mind during the proceeding and admitted that, perhaps, she did need counsel. Thus, he urges that the trial court erred in granting summary judgment without, at least, confirming the existence of a non-waiver agreement.
Inter alia, effectively, this would put the trial court in the position of being an advocate. Moreover, we neither see the logic in or merit to this speculative argument nor do we find that there was a conflict of interest. State Farm retained separate counsel to represent Ms. D on the merits of the claims against her and to represent itself on whether she was actually covered. It was not required to defend her on the issue of coverage alone.[7]
Importantly, Mr. A, himself, was present at the summary judgment hearing. Certainly, he cannot argue that the absence of counsel for Ms. D prevented him from raising the issue before the trial court. Therefore, he has no basis for asserting this argument on appeal. Accordingly, we do not find State Farm’s reservation of its rights to be a genuine issue of material fact that was in dispute.
Notwithstanding, we note that State Farm did include the reservation of rights letter as a proffer. It is dated more than a month before it enlisted counsel on Ms. D’s behalf. Furthermore, Ms. D had notice that State Farm was asserting a coverage defense when it filed a petition for declaratory judgment on the issue less than a month after it undertook her defense. We cannot say that State Farm intentionally relinquished its right to assert a coverage defense.
Thus, we pretermit the remaining assignments of error based upon State Farm’s alleged conflict of interest and turn to whether the trial court erred in finding that Ms. D was not covered under the policy.
Coverage Under the Homeowners Policy
The trial court found that, even though there were several bases for denying coverage, the most apparent one is that, even if the policy covered the present Ms. D, the alleged conduct and injury were *1221 excluded. Though the policy does cover bodil^injury, “emotional distress, mental anguish, humiliation, mental distress, mental injury or any similar injury unless it arises out of actual physical injury to some person,” is specifically excluded from the definition of bodily injury. This is precisely the nature of Mr. A’s complaints. Moreover, “bodily injury ... which is either expected or intended by an insured; or to any person ... which is the result of willful and malicious acts of an insured,” (emphasis added) is excluded from the personal liability coverage under the policy. Mr. A states in the last paragraph of his petition that:
As a result of the aforestated willful and wanton misconduct of Jacobs [Ms. D] and the multiple deviations from applicable therapeutic standards, i.e., therapeutic malpractice, by Yeager, both plaintiff and his minor child, [A.J.A.], have suffered severe mental anguish and distress, emotional and psychological harm, humiliation and inconvenience for which plaintiff and his minor child are entitled to be compensated fully and completely.
(Emphasis added.)
Thus, we agree with the trial court that no reasonable interpretation of the policy would provide Ms. D with coverage for any of the damages which Mr. A asserts in his petition.
Furthermore, Mr. A argues that “since the motion for summary judgment and the judgment simply dismiss State Farm under that policy number as insurers of [R.D.] and [Patricia], the motion and judgment should apply only to that policy and policy period insuring those two parties until divorce or remarriage to [Ms. D].” Mr. A’s concerns are irrelevant to our ruling. We have only one policy before us. We decided this case based on the terms of that policy. A change of insureds, dates of effectiveness, or policy numbers, absent a change of terms involving our decision, would not alter our decision.
Given our ruling, the remaining assignments of error are pretermitted.
| «CONCLUSION
For the foregoing reasons, we affirm the trial court’s grant of summary judgment in favor of State Farm and cast the costs of this appeal on Appellant, Mr. A.
AFFIRMED.
AMY, J., concurs.

. Seaman v. Howard, 98-1492 (La.App. 3 Cir. 6/2/99); 743 So.2d 694, writ denied, 95-1901 (La.10/29/99); 748 So.2d 1165.

. La.Code Civ.P. art. 966(B).

. Steptore v. Masco Const. Co., 93-2064 (La.8/18/94); 643 So.2d 1213.

. Id.

. Gilbert v. B.D.O.W.S., Inc., 33,006 (La.App. 2 Cir. 6/23/00); 764 So.2d 313.

. Steptore, 643 So.2d 1213.

. Menard v. Lafleur, 98-1558 (La.App. 3 Cir. 3/3/1999); 737 So.2d 844.