jiCIACCIO, Judge.
In this personal injury case, the defendants appeal from a judgment of the trial court adopting a jury verdict in favor of plaintiff. The sole issue presented for our review is whether the jury was manifestly erroneous in its award of damages. After reviewing the record and applicable jurisprudence, we affirm the trial court’s judgment.
On September 27, 1991, plaintiff, Tyrone Alonzo was injured in a vehicular collision when his car was struck by a truck being driven by Etienne Lacoste. At the time of the accident, Lacoste was in the course and scope of his employment with Silverman & Marks Plumbing Company.
At trial, plaintiff testified that at the time of the accident he was 27 years old and was employed by the RTA as a bus driver. He stated that prior to this accident he did not have problems with his back. He did state however that prior to the automobile accident in 1991 he was involved in two other accidents while driving the bus when he suffered back sprain and missed a few days of work. However, this injury resolved prior to the accident in this case. Plaintiff also testified that after this accident he was involved in another collision, but he was not injured further in this accident hand did not inform his doctor of the accident.
Plaintiff stated that prior to the accident in 1991, he was very active and regularly jogged, played basketball, lifted weights, danced and played with his young child. Following the accident, plaintiff testified that he was in severe pain and for the first five months after the accident was not able to do anything but go to physical therapy. At times he stated he was in too much pain to go to therapy.
Plaintiff testified that he was very concerned about losing his job during the eight month period after the accident. He was unable to engage in sexual relations and could not play as actively with his young child as he had previously done. For the first three months after plaintiff returned to work, he had daily pain after work. At the time of the trial sixteen months after the accident, plaintiff stated he still suffers with shoulder pain and periodic neck and back pain.
Following the accident, on October 8,1991, plaintiff saw Dr. Gerald Davis, an orthopedic surgeon, complaining of back pain “from his *878 head to his back.” Plaintiff’s history as related to Dr. Davis reveals that he was involved in two other vehicular accidents, the last one in October of 1989 where he injured his neck and low back but had stopped treatment in April of 1990 for those injuries.
After plaintiff’s first visit with Dr. Davis, Dr. Davis’ diagnosis was neck and low back sprain, and he recommended plaintiff refrain from working, undergo physical therapy and take medication.
Plaintiff returned to Dr. Davis several times between October and March 1992 during which time plaintiff continued to complain of neck and back pain and of headaches. Dr. Davis ordered an MRI test which revealed Isthat plaintiff had two bulging discs in his neck at the C4-5 and C5-6 levels and two herniated discs in his lower back at the L4-5 and L5-S1 levels.
Dr. Davis testified that in his opinion based on the history given to him by plaintiff, plaintiff’s automobile accident in 1991 had caused the herniation of two discs in plaintiffs back and had further aggravated a preexisting abnormality in plaintiffs cervical spine. Dr. Davis stated that the accident in which plaintiff was involved in February of 1992, approximately one month before the MRI, did not contribute significantly to plaintiffs injury as plaintiff had not related to him that he had suffered any further injury.
Dr. Davis assigned a permanent physical impairment rating to plaintiffs lumbar spine of 15 percent for each level or a total of 30 percent impairment. He also assigned a 5-8 percent impairment for the injury to plaintiffs cervical spine. These impairments were attributable to the accident in September of 1991.
Dr. Davis last saw plaintiff on May 27, 1992, at which time Dr. Davis believed plaintiff could return to work driving a bus, but placed restrictions on him to avoid bending, climbing and lifting. Plaintiff is permanently restricted from light or heavy manual labor. Plaintiff was also restricted from jogging and playing basketball or any type of bouncing activity which would caused further injury to plaintiffs spine.
Dr. Davis further stated that he did not recommend surgery to plaintiff as he did not believe it would improve his condition, but stated that plaintiff has greater than a 50 percent chance of worsening his condition in the event of further injury to his weakened spine. Dr. Davis stated that there is a possibility of future surgery which would cost in the range of u$15,000.00 to $35,000.00. Dr. Davis further stated that plaintiff has a greater chance than the average person of developing arthritis and a greater than average chance of suffering further degeneration in the levels of his spine closest to the ones which were damaged.
The jury awarded plaintiff a total of $400,-000.00 in damages. The parties have agreed that the special damages in this case were approximately $40,000.00 and therefore the general damage award was approximately $360,000.00. Defendants argue that this award was clearly excessive and an abuse of the jury’s discretion.
The standard for appellate review of general damage awards has been set forth recently by the Supreme Court in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), wherein the Court stated:
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239,158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck [v. Stevens, 373 So.2d 498 (La.1979)] to the present case is that the discretion vested in the trier of fact is “great” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular ease. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular eir- *879 eumstances that the appellate court should increase or reduce the award.
Id., at 1261. (Emphasis ours.)
In the present case, it is indisputable that plaintiff suffered injury to his cervical and lumbar spine as a result of the accident in September of 1991. Plaintiff’s treating physician, Dr. Davis, found two herniated discs in | Rplaintiffs low back which he testified was attributable to this accident. Dr. Davis also found two bulging discs in plaintiffs neck area which he believed were aggravated by the occurrence of this accident. Further, at the request of defendants, the MRI of plaintiffs spine was reviewed by Dr. Edward Soli at the Imaging Center, and Dr. Soil’s report was introduced into evidence. Dr. Soil found a mild annular bulge at three levels of plaintiffs cervical spine and protruding, herniated discs at two levels of plaintiffs lumbar spine.
Defendants introduced the testimony of Dr. Monroe Laborde who examined plaintiff in December of 1992 and reviewed the results of the MRI ordered by Dr. Davis. Dr. Laborde stated his examination of the plaintiff was “normal” and he found no evidence of disc herniation in plaintiffs spine. Dr. La-borde stated he disagreed with Dr. Soli’s interpretation of plaintiffs MRI.
However, the jury apparently chose to believe the testimony of Dr. Davis, who was plaintiffs treating physician, over that of Dr. Laborde who examined plaintiff only once over one year after the accident. The jury may have also reasonably relied on the contents of the report of Dr. Soli, which corroborated the findings of Dr. Davis, and indicated an additional bulging disc in plaintiffs neck. We find no abuse of the jury’s discretion in making this determination.
In the present case, plaintiff missed approximately eight months of work as a result of this accident during which time he was in severe pain and suffered emotional, financial and personal problems. As a result of this accident he is restricted from engaging in most of the activities he enjoyed prior to the accident, such as basketball, jogging, and actively playing with |fihis young son. Although defendants attempt to minimize plaintiffs loss of activity with his son based on the fact that he is divorced from the child’s mother, plaintiff testified at trial that he has full and unlimited visitation with his child. Further, although defendants point to plaintiffs very candid admission that he went dancing on the Saturday before the trial for the first time since the accident, the jury apparently chose to believe that plaintiff was unable to perform many of the activities he once' enjoyed as a result of the accident. We find no abuse of the jury’s discretion in this regard.
Further, defendant argues that the fact that plaintiff did not undergo surgery entitles him to a smaller amount of damages. However, Dr. Davis testified at trial that there is a possibility that plaintiff will have to undergo surgery in the future should plaintiff rein-jure his already weakened spine. The jury apparently found that this plaintiff should be compensated for the possibility of a future surgical procedure, and we find no abuse of the jury’s discretion in this finding. At the time of the accident, plaintiff was a relatively young man with a long life expectancy, and the jury may have reasonably determined that surgery was a possibility in plaintiffs future.
We have carefully reviewed the entire record in this case, and when all the circumstances are considered, we cannot say that the jury abused its vast discretion in awarding plaintiff $360,000.00 in general damages for his injuries. We do not interpret the Supreme Court’s holding in Youn to restrict our constitutional duty to review findings of fact. Ambrose v. New Orleans Police Department Ambulance Service, et al., (La. 1994), 639 So.2d 216. However, we do not find that the evidence contained in the record before us contains manifest error in the award of damages.
|7What the record reveals is as follows: as a result of this automobile accident, this previously active 27 year old suffered two herniated discs in his lumbar spine and further suffered aggravation to two or possibly three discs in his neck. He was out of work for eight months during which time he suffered financial and emotional hardships. He is permanently restricted from manual labor and from bending or lifting, which prevents *880 him from playing with his young son. He is further restricted from participating in sporting activities such as jogging and basketball which he previously enjoyed. Further, he must live with the possibility that these four or possibly five injured discs which were weakened in this accident may suffer further injury which will entail more pain and suffering and may require surgery.
Although some may consider the jury’s award to be generous, we fail to find that the award is beyond that which a reasonable trier of fact could assess for the effects of this particular injury to this particular plaintiff. Many rational fact-finders could have determined a lower award to be more appropriate, but this award is not one which shocks our conscience or is contrary to right reason. Under these circumstances, we conclude the award of general damages in this case is not an abuse of the jury’s vast discretion so as to necessitate reduction of the award.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.

AFFIRMED.